\*\* E-filed August 19, 2010 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NANCY C. RAY, | No. C10-02177 HRL |
| Plaintiff, | **ORDER OF REMAND** |
| v. | |
| DIANIA SOTO, | |
| Defendant. | |

*Pro se* plaintiff Nancy Ray ("Ray"), an employee of the United States Postal Service ("USPS"), filed an application for a "Request for Orders to Stop Harassment" with respect to her supervisor, Diania Soto ("Soto"), in Santa Clara County Superior Court. (Docket No. 1, Ex. A.) Ray's application states that Soto "threaten[ed] to grab my arm and walk me out the door," causing Ray to suffer "a major panic attack" for which she sought medical treatment. (*Id*.) It further states that Soto "yelled" at her for finishing her mail route early but also "accused" her of never finishing her route in eight hours. (*Id*.) Ray alleges that Soto did these things because Ray previously complained that Soto was "tampering" with Ray's witnesses in relation to several administrative actions that she has filed.[1] (*Id*.)

---

[1] Ray has filed two actions with the Merit System Protection Board ("MSPB"): one for failure to restore Ray to full-time employment (and which is currently on appeal) and one involving disciplinary action taken against Ray (the appeal of which was withdrawn by Ray). (Docket No. 6, Ex. C.) She has also filed three Equal Employment Oopportunity Commission ("EEOC") actions, two of which are pending and apparently claim disability discrimination and/or the failure to

Before the scheduled hearing in state court on Ray's application, Soto removed the action to federal court. (Docket No. 1.) Soto then filed an opposition to Ray's application and a motion to dismiss the action, to which Ray did not respond. (Docket No. 5.) Ray did not appear at the hearing on Soto's motion to dismiss on the morning of August 3 because she mistakenly believed the hearing to be in the afternoon, and so she filed an administrative motion for a new hearing. (Docket No. 18.) As described below, the Court will remand this action to state court and declines rule on either of the parties' motions.[2]

## LEGAL STANDARD

In the absence of diversity between the parties, a civil action filed in state court may be removed to federal court only if the claim "arises under" federal law. *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) (citing 28 U.S.C. § 1441(b)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing *Gully v. First Nat'l Bank,* 299 U.S. 109, 112-13, 57 S.Ct. 96, 81 L.Ed. 70 (1936)); *see also Abada v. Charles Schwab & Co., Inc.*, 300 F.3d 1112, 1118 (9th Cir. 2002) (quoting same). "The plaintiff is the 'master of the claim,' and 'may avoid federal jurisdiction by exclusive reliance on state law.'" *Abada v. Charles Schwab & Co., Inc.*, 300 F.3d at 1118 (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. at 392-93). "A plaintiff may also choose to invoke federal jurisdiction by pleading a federal claim. However, the choice belongs to the plaintiff. '[A] case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'"[3] *Id.* at 1118 (quoting

---

provide reasonable accommodation and a third which involved the denial of a parking space but was withdrawn by Ray. (*Id*. at ¶ 6.) Ray also filed two worker's compensation stress claims, both of which were denied but not appealed by Ray. (*Id*. at ¶ 8.)
[2] Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.
[3] There is an exception to the well pleaded complaint rule. Under the "artful pleading" exception, when a plaintiff has drafted the complaint to avoid naming a federal statute as a basis for federal jurisdiction, but the complaint is nonetheless based on such statute, the federal court will have

*Caterpillar, Inc. v. Williams*, 482 U.S. at 392-93 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983))).

## DISCUSSION

Soto removed this action to federal court because she was apparently acting within the course and scope of her employment with the USPS within the meaning of 28 U.S.C. § 2679(d)(2). This statute is a part of the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"). It allows the Attorney General to certify that a defendant employee was acting within the scope of his office or employment for purposes of removing a tort claim against the United States and for the United States to be substituted as the defendant in such an action. Soto contends that the underlying harm alleged by Ray probably states a cause of action under the FTCA.[4]

Ray, however, filed her "Request for Orders to Stop Harassment" against Soto pursuant to California Code of Civil Procedure § 527.6. The USPS was not named as a defendant and Ray's papers do not present any federal question on their face. In other words, Ray's application did not "arise under" federal law. *See Davis v. Evan*s, No. C 94-1806-VRW, 1994 WL 374546 (N.D. Cal. July 12, 1994) (determining that a plaintiff's petition for a restraining order under California Code of Civil Procedure § 527.6 fell entirely within state law despite the defendant's counterclaim involving federal law). This action was therefore not removable under the general removal statute (28 U.S.C. § 1441) or the other statutes cited by Soto which relate to actions against the USPS as a party (28 U.S.C. § 1339; 39 U.S.C. § 409). Accordingly, as it appears that this Court lacks subject-matter jurisdiction, the action must be remanded. 28 U.S.C. § 1447(c).

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT this action be remanded to the Superior Court for County of Santa Clara pursuant to 28 U.S.C. § 1447(c). Because the Court does not have subject-matter jurisdiction over this action, the Court declines to rule on Soto's motion to dismiss (Docket No. 5) or Ray's administrative motion for a new hearing (Docket No. 18), which shall be terminated. The Clerk shall transmit the file to the Santa Clara Superior Court.

---

jurisdiction. There is no indication of such "artful pleading" by Ray in her restraining order application, though.

[4] Soto also contends that Ray's application may state a cause of action under Title VII of the Civil Rights Act of 1964 ("Title VII") for retaliation against protected conduct.

**IT IS SO ORDERED.**

Dated: August 19, 2010



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-02177 HRL Notice will be electronically mailed to:**

James A. Scharf                james.scharf@usdoj.gov, mimi.lam@usdoj.gov

**Notice will be provided by other means to:**

Nancy C Ray
1438 Gordy Drive
San Jose, CA 95131

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**